## REISS v. PFEIFFER et al.

(Supreme Court, Appellate Division, Second Department. March 15, 1907.)

1. ATTACHMENT—BOND OF CLAIMANT—ACTION ON—PLEADING—FINDING.

In an action on a bond given by a person claiming to be the owner of chattels found in the possession of an attachment defendant, a complaint which alleged the death of the person giving the bond and the naming of the attachment defendant as executor, which allegation was not denied by the answer, entitled plaintiff to judgment against defendant as executor where the court found that he and not claimant, was the owner of the chattels.

2. TRIAL—ADJOURNMENT—GROUNDS—SURPRISE.

Where, in an action on a bond given by a person claiming to be the owner of chattels found in the possession of attachment defendant, an objection to the introduction by plaintiff of oral evidence as to the existence of claimant's will, its admission to probate, and the issuance of letters testamentary, because a surprise to plaintiff, the trial court should in the exercise of a wise discretion, and upon such terms as to the court seemed proper, grant plaintiff's application for a short adjournment to permit production by him of the records proving the facts, the oral proof of which defendant objected to.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 42.]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Solomon L. Reiss, as surviving partner of the firm of Reiss & Bernhard, against William Pfeiffer, as executor of the last will and testament of Minnie Pfeiffer, and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Isidor Buxbaum, for appellant.
James E. Fineman, for respondents.

RICH, J. The plaintiff appeals from a judgment dismissing his complaint upon the merits. In November, 1905, the plaintiff commenced an action in the Municipal Court against William Pfeiffer for the recovery of a money judgment in which a warrant of attachment issued, and a city marshal attached certain property in the possession of the defendant in that action. Before its removal one Minnie Pfeiffer, the mother of the defendant, claimed to be its owner, and under the provisions of section 85 of the municipal court act (Laws 1902, p. 1517, c. 580) executed and filed her bond to the plaintiff with the defendant the United States Fidelity & Guaranty Company surety, conditioned "that in an action upon the bond, to be commenced within three months thereafter, the claimant will establish that she was the general owner of the property claimed at the time of the seizure, or if she fails so to do that she will pay to the plaintiff the value thereof with interest," whereupon the marshal surrendered possession of the attached chattels to her. Minnie Pfeiffer died, and on February 6, 1906, plaintiff commenced this action to recover upon the bond. After proving the various process and proceedings in the action in which the attachment issued and the execution of the bond by the de-

fendants, the plaintiff rested, and the defendant company moved to dismiss the complaint upon the ground that there was no evidence in the case of the death of Minnie Pfeiffer or the appointment·of William Pfeiffer as her executor.   The plaintiff was then permitted to reopen his case and call the defendant Pfeiffer, by whom he proved the death of said Minnie, his mother, but was not permitted to prove by the witness that she left a will which was probated, or that letters testamentary were issued thereon; objection being made that the will, decree of probate, and 'letters were the best evidence of those facts. Plaintiff's counsel thereupon asked for an adjournment to enable him to procure competent evidence of those facts.   This was denied, and the complaint as against the surety company dismissed.

The defendant Pfeiffer thereupon introduced evidence, and the case was tried as to him upon the merits.   The court subsequently rendered judgment in favor of the defendants, dismissing the complaint upon the merits, and in his memorandum opinion says:

"I am convinced that the deceased, Minnie Pfeiffer, was not the owner of the property referred to in the complaint, but that William Pfeiffer was the owner thereof.   However, I feel compelled to dismiss the complaint, because of the failure on the part of the plaintiff to make a case at law."

The learned court must have overlooked the fact that the plaintiff alleged in his complaint:

"That said Minnie Pfeiffer departed this life at the borough of Brooklyn, New York City, on the 7th day of January, 1906, leaving a last will and testament in which the defendant William Pfeiffer was named as the executor thereof, and that said last will and testament was duly admitted to probate in the Kings County Surrogate's Court, and that letters testamentary on the estate of said Minnie Pfeiffer, deceased, were duly granted and issued to said William Pfeiffer, who is made a defendant herein as such executor and whose letters have not been revoked."

This allegation was not denied or put in issue by the answer of the defendant Pfeiffer.   As to him those facts were admitted upon the record.   The trial court having reached the conclusion that William Pfeiffer was the owner of the chattels, plaintiff was entitled to judgment against the defendant Pfeiffer as executor, and as to him the judgment must be reversed.   It is apparent from the record that the plaintiff was surprised by the objection of the defendant surety company to the introduction of oral evidence of the existence of the will, its admission to probate, and the issuance of letters testamentary.   His application for a short adjournment to permit his production of the records was not an unreasonable request and ought, we think, in the exercise of a wise discretion, to have been granted upon such terms as to the trial court seemed proper.

The judgment must be reversed as to both defendants, and a new trial ordered, costs to abide the event.   All concur.